**FILED**

OCT - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# district court of the *U.S.* United States

Timothy W. Morrow,
4205 Cougar Dr.,
Helena, MT 59602-7527
406-410-1080

Case No. _____

                Plaintiff(s),

v.

United States
             Defendant.

```
CASE NUMBER  1:05CV01960

JUDGE: Richard J. Leon

DECK TYPE: Pro se General Civil

DATE STAMP: 10/ 3 /2005
```

## COMPLAINT, PETITION, AND CLAIM
### IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
### UNDER THE AUTHORITY OF 26 U.S.C. § 7433

## I
## INTRODUCTION

1.    This Court has subject matter jurisdiction pursuant to 26 U.S.C. §7433, and by

virtue of sufficient pleadings clearly setting forth the right, title and claim of the

plaintiff(s). Timothy W. Morrow, Plaintiff, is/are (a) Citizen(s) of Montana, a "State

in this Union," (Art. IV § 4, United States Constitution), and is/are neither employed

by, nor personnel of, the United States of America, (Art. II, United States

Constitution). Defendant through principals, officers, agents, rogue agents and/or

employees of the Internal Revenue Service, in connection with the collection of

Federal tax beginning with "tax year" 1994 recklessly, intentionally or by reason of

negligence disregarded and continue to disregard provisions of Title 26 United

States Code and the regulations promulgated thereunder as set forth below.

## II

## JURISDICTION AND VENUE

2.  This court is empowered with subject matter jurisdiction to evaluate the pleadings of plaintiff(s) under informal, relaxed and less restrictive guidelines than ordinarily affords litigants in district courts of the United States, especially *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652.

3.  This court cannot be deprived of subject matter jurisdiction because this action is procedurally proper, places substantive fact issues before this Court via affidavit, and is brought to recover damages from Defendant because Defendant through principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service, in connection with the collection of Federal tax recklessly, intentionally or by reason of negligence disregarded and continue to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder;

4.  Venue is proper in the district court of the United States, (26 USC §7433), in the District of Columbia, the Seat of Government, (4 USC § 71, 72, 73);

5.  Pursuant to Rule 12(b)(6), FED.R.Civ.P., Plaintiff(s) herein state(s) claims upon which relief may be granted and, therefore, *Pro Se* litigant's petition cannot be dismissed for failure to state a claim upon which relief can be granted. *See* Haines v. Kerner, 404 U.S., 92 S. Ct. 594, 30 L. Ed. 2d 652;

6.  Plaintiff(s) has/have exhausted all administrative remedies, attempted to mitigate damages and has/have commenced this action within two (2) years after the date on which the right of this action accrued.

III.

## COMPLAINT AND STATEMENT OF FACTS

7.     Defendant, through principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service, in connection with the collection of Federal tax recklessly, intentionally, or by reason of negligence disregarded the following provisions of Title 26 United States Code and the regulations promulgated thereunder[1]:

    a.    26 U.S.C §6201(a) by failing to make an assessment of the taxes plaintiff(s) allegedly owe(s);

    b.    26 U.S.C § 6202 by failing to make an assessment of the taxes plaintiff(s) allegedly owe(s) within the time and mode set forth by the secretary;

    c.    26 U.S.C. §6203 by failing to record an assessment of the taxes plaintiff(s) allegedly owe(s);

    d.    26 U.S.C. §6203 by failing to furnish plaintiff(s) copies of records of assessment upon plaintiff(s) request;

    e.    26 U.S.C. §7214(a) by attempting and continuing to attempt to collect sums greater than appear on records of assessment;

    f.    26 U.S.C. §6159 by abrogating plaintiff(s) guaranteed availability of an installment agreement;

    g.    26 U.S.C. §6212 by failing to send plaintiff(s) a notice of deficiency (90 day letter);

    h.    26 U.S.C. §6213(a) by failing to notice plaintiff(s) of the last date on which plaintiff(s) could file a petition to the Tax Court;

---

[1] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

i.   26 U.S.C. §6320 by failing to notify plaintiff(s) of the filing of a notice of lien;

j.   26 U.S.C. §6321 by filing an invalid and unlawful Notice of Tax Lien against plaintiff(s);

k.   26 U.S.C. §6330(a) by failing to provide plaintiff(s) with notice of a right to an impartial hearing;

l.   26 U.S.C. §6402 by failing to refund all unassessed taxes taken from plaintiff(s) upon plaintiff(s) written request to the United States Treasurer;

m.   26 U.S.C. §6404(g) by failing to suspend interest and penalties for reason that defendant has not specifically stated the amount of, and the basis for the liability defendant says plaintiff(s) owe(s);

n.   26 U.S.C. §6501(a) by neglecting to assess taxes owed within three years;

o.   26 U.S.C. §6502(a) by failing to collect taxes due within the ten year statute of limitation;

p.   26 U.S.C. §6751(a) by failing to include in a notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty;

q.   26 U.S.C. §6751(b)(1) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination;

r.   26 U.S.C. §7123(b)(1) by failing to provide plaintiff(s) with non-binding mediation;

s.   26 U.S.C. §7214(a)(7) by making a false claim resulting in the unlawful prosecution of plaintiff(s) for tax crimes;

t.   26 U.S.C. §7214(a)(7) by making a false claim resulting in the unlawful

incarceration of plaintiff(s) for tax crimes;

u.    26 U.S.C. §7491(b) by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers;

v.    26 U.S.C. §7491(c) by refusing to produce any evidence with respect to the imposition of penalties and additions;

w.    26 U.S.C. §7602(a) by conducting a presumed financial status audit.

V.

Legal Authority

8.    Section 7433 of the Internal Revenue Code provides "taxpayers" with a cause of action for damages against the United States when in connection with the collection of any Federal tax IRS principals, officers, agents, rogue agents, and/or employees recklessly, intentionally or by reason of negligence disregard any provision of Title 26 United States Code and the regulations promulgated thereunder.

9.    Before sums deposited in respect of a "presumed taxpayer" can be converted to use by the United States Treasury, the "taxpayer" must be assessed. The term "assessment" has a technical meaning binding on a court, and on the government. United States v. Miller, 318 F.2d 637, (7th Cir. 1963).

10.    The assessment process regarding federal income taxes is a matter controlled by statutes and regulation; **it is not possible for a "taxpayer" to make an assessment**. 26 C.F.R. §§ 301.6201-1 and 301.6203-1; Girard Trust Bank v. United States, 643 F.2d 725 (Ct.Cl. 1981).

11.    The *Internal Revenue Code* articulates clearly what an "assessment" is and the

*Code* clearly defines the form which is to be completed for an assessment. In the

1954 and 1986 Internal Revenue Codes, § 6201(a) authorizes the Secretary of the

Treasury to make assessments.

12.    The method of recording an administrative act such as an assessment is governed

by § 6203, which provides:

> The assessment shall be made by recording the liability of the
> taxpayer in the office of the Secretary in accordance with rules or
> regulations prescribed by the Secretary. Upon request of the
> taxpayer, the Secretary shall furnish the taxpayer a copy of the record
> of assessment (emphasis added).

13.    "The term 'Secretary' means the Secretary of the Treasury or his delegate." 26

U.S.C. § 7701(a)(11)(B).

14.    The specific tax regulation concerning the assessment process is 26 C.F.R. §

301.6203-1 which reads in pertinent part:

> The district director and the director of the regional service center
> shall appoint one or more assessment officers. The assessment shall
> be made by an assessment officer signing the summary record of the
> assessment. The summary record, through supporting records, shall
> provide identification of the taxpayer, the character of the liability
> assessed, the taxable period, if applicable, and the amount of the
> assessment. The amount of the assessment shall, in the case of tax
> shown on a return by the taxpayer, be the amount so shown, and in
> all other cases the amount of the assessment shall be the amount
> shown on the supporting list or record. *See* United States v. Coson,
> 286 F.2d 453 (9th Cir. 1961); Kurio v. United States, 281 F. Supp. 252
> (D.C.Tex. 1968); Heck v. Walters, 523 F.2d 23 (C.A. Cal. 1975);
> United States v. Taylor, 305 F.2d 183 (4th Cir.), *cert. denied*, 371 U.S.
> 894 (1962).

There can be no dispute that the assessment list is the supporting record and

is absolutely essential before a valid assessment can be made. The regulation

contemplates a signed document and is consistent with the supporting statute which

provides that the taxpayer is entitled to a copy, reference to which implies that a hard copy exists.

15.    By the Internal Revenue Service's own admission in its IR Manual [5312(1), MT 5300-1 (11-15-85)], the assessment lists support the assessment certificate:

> The foregoing statement from the IR Manual is a party admission that an assessment list must exist. *See* United States v. Van Griffin, 874 F.2d 634, 638 (9th Cir. 1989) (Government manuals are admissible as party admissions under Fed.R.Evid. 801(d)(2)(D)).

16.    In addition to the above IRM provision which proves that Form 23-C is the assessment form, established decisional authority also reveals that a tax assessment is made upon Form 23-C. For example, in Meyersdale Fuel Co. v. United States, 44 F.2d 437, 443 (Ct.Cl. 1930), Form 23-C is mentioned: When the Commissioner of Internal Revenue makes an assessment of taxes, he signs a list entitled "Commissioner's assessment list" on Form 23C-1.

17.    In Brafman v. United States, 384 F.2d 863 (5th Cir. 1967), the procedure for the execution of a tax assessment on a Form 23-C was articulated. In *Brafman*, the government sought to attach liability for unpaid estate taxes to an heir of that estate under a transferee liability theory. But, Mrs. Brafman argued that she was not so liable because the assessment certificate relevant in that case was unsigned. In agreeing with that argument and holding the certificate at issue void, the court stated:

> The assessment certificate involved in this case, a photostated [sic] copy of which is in the record, is not signed by an assessment officer or by any other official ... Since the certificate lacks the requisite signature, it cannot constitute a valid assessment. Id. at 865-66.

Even the instructions on the reverse side of the assessment certificate, Form 23-C, specify that the original form "is to be transmitted to the District Director for signature, after which it will be returned to the Accounting Branch for permanent filing." Id. at 866.

What is important in any case is that the assessment is not automatic upon recordation; **it requires the action of an assessment officer**. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate. Id. at 867. See also Stallard v. United States, 806 F.Supp. 152, 158 (W.D.Tex. 1992) (Defendant submitted a "Form 23C," which it asserts is a summary record of assessment.) See also Robinson v. United States, 920 F.2d 1157 (3rd Cir. 1990).

18. Merely demanding payment for a tax, even repeatedly, does not cause liability. Bothke v. Fluor Engineers and Constructors, Inc., 713 F.2d 1405 (1983).

19. Several cases disclose the type of information which must be contained on a Form 23-C tax assessment record and its supporting list. For example, in Ianelli v. Long, 329 F.Supp. 1241, 1242 (W.D.Pa. 1971), the description of the various data is as follows:

> The procedure for assessment provides, inter alia, that the assessment officer shall sign the summary record of assessments made against any tax payer, that said action, through supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. 26 U.S.C.A.

§ 301.6203-1, Code of Federal Regulations. **Since this procedure was not followed, in this case, therefore, the assessment is void and the executions based thereon are invalid** (emphasis added). In Planned Investments, Inc. v. United States, 881 F.2d 340, 343 (6th Cir. 1989), the court examined the requirements of 26 C.F.R. § 301.6203-1 and concluded:

Section 6203 of Subchapter A provides that assessment be made by recording the liability in accordance with the regulations promulgated by the Secretary. 26 U.S.C. § 6203 ... Treasury regulations provide that the assessment be made by signing the summary record of assessment. 26 C.F.R. § 301.6203-1. The summary record, through supporting documents, must contain the following:

(1)    identification of the taxpayer;
(2)    character of liability assessed;
(3)    taxable period, if applicable; and
(4)    amount of assessment.

Finally, the court in Robinson v. United States, 920 F.2d 1157, 1158 (3rd Cir. 1990), described the assessment process as:

A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. § 6203; Treas. Reg. § 301.6203-1. See also Essex v. Vinal, 499 F.2d 265, 230 (8th Cir. 1974).

20.    There is no statutory authority for the IRS to substitute a RACS 006 or a Form 4340 (Certificate of Assessments and Payments) for a Form 23-C (Summary Record of Assessment).

21.    Absent a lawful assessment, a tax is not owed. Ridinsky v. United States, 622 F. Supp. 331 (1985); Estate of M. Karl Goetz v. United States, 286 F.Supp. 128; In re Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972). **The absence of the requisite documents proves that there has been no assessment and, consequently, no tax collection activities may be pursued. (Mandatory**

**Judicial Notice** FED.R.EVID. 201).

22.    It is well established that anyone who deals with the government assumes the risk that the agent acting in the government's behalf has exceeded the bounds of his authority. <u>Bollow v. Federal Reserve Bank of San Francisco</u>, 650 F.2d 1093 (9th Cir. 1981); <u>Lavin v. Marsh</u>, 644 F.2d 1378 (9th Cir. 1981); <u>Federal Crop Ins. Corp. v. Merrill</u>, 332 U.S. 380, 68 S.Ct. 1 (1947); <u>Government of the Virgin Islands v. Gordon</u>, 244 F.2d 818 (3rd Cir. 1957). However, public officers are but agents whose authority is defined and limited by law. Their acts beyond their lawful powers are ineffectual to bind the public, which they represent, and their neglect and laches can seldom affect public rights. <u>Hale County, Texas v. American Indemnity Co</u>, 63 F.2d 275 (5th Cir. 1933); <u>Board of Comm. of Peace Officers Annuity and Benefit Fund v. Clay</u>, 214 Ga. 70, 102 S.E.2d 575, (1958); <u>Pierce v. United States</u>, 7 Wall. (74 U.S. 666, 673 (1868); <u>Federal Trade Commission v. Raladam Co.</u>, 283 U.S. 643, 51 S.Ct. 587 (1931); <u>United States v. Forster</u>, 131 F.2d 3 (8thCir. 1942). The acts of federal agents — committed without delegated authority — are also held void in <u>Cudahy Packing Co. V. Holland</u>, 314 U.S. 357, 62 S.Ct. 651 (1942); <u>United States v. Giordano</u>, 416 U.S. 505, 94 S.Ct. 1820 (1974); <u>United States v. Pees</u>, 645 F.Supp. 687 (D.Col. 1986); <u>United States v. Hovey</u>, 674 F.Supp. 161 (D.Del. 1987); <u>United States v. Spain</u>, 825 F.2d 1426 (10th Cir. 1987); <u>United States v. Emerson</u>, 846 F.2d 541 (9th Cir. 1988); <u>United States v. McLaughlin</u>, 851 F.2d 283 (9th Cir.

1988); and <u>United States v. Widdowson</u>, 916 F.2d 587, 589 (10th Cir. 1990).

23.    Plaintiff(s) exclusive remedy is found under 26 U.S.C. § 7433. <u>Schipper v. United States</u> (E.D.N.Y. 1995); <u>Barron v. United States</u> (D.C.N.H. 1998); <u>Valladares v. IRS</u> (E.D.Cal. 2001); <u>Gille v. United States</u>, 838 F.Supp. 521 (N.D.Okla. 1993); <u>Information Resources, Inc. v. United States</u>, 950 F.2d 1122, ( 5th Cir. 1992).

24.    Administrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a "taxpayer" must exhaust administrative remedies before bringing suit for disregarding provisions of Title 26 United States Code and its regulations in connection with collection activities.  Even assuming some minor defect in plaintiff(s) administrative claim, requiring plaintiff(s) to again pursue administrative remedies would amount to nothing more than futile reexhaustion.  <u>Hurt v. United States</u>, 914 F. Supp. 1346, (S.D.W.Va. 1996).

25.     26 U.S.C. § 6103 and 26 CFR § 301.6103 require that when the IRS files a notice of federal tax lien with plaintiff(s) name on it in the office of the Clerk and Recorder of Lewis and Clark County, Montana,  the IRS must have written authorization from a "taxpayer" to disclose any information regarding the "taxpayer."  The Internal Revenue Manual supports the Code and the Regulations by requiring that the IRS have in its possession either a completed and signed Form 2848 (Power of Attorney) or a completed and signed Form 8821 (Information Authorization Form)

from the "taxpayer."

26.    The penalties for disclosure of confidential information by an officer or employee of

the United States or of any department or agency thereof are prescribed in 18

U.S.C. § 1905. In <u>United States v. Lee</u>, 106 U.S. 196, 1 S.Ct. 240 (1882), the Court

held:

> No man in this country is so high that he is above the law. No officer
> of the law may set that law at defiance with impunity. All the officers
> of the government, from the highest to the lowest, are creatures of the
> law and are bound to obey it. It is the only supreme power in our
> system of government, and every man who by accepting office
> participates in its functions is only the more strongly bound to submit
> to that supremacy, and to observe the limitations which it imposes
> upon the exercise of the authority which it gives.

## V

## CONCLUSION

27.    The reprehensible, egregious, and vexatious conduct and the wanton disregarding

of provisions of Title 26 United States Code and the regulations promulgated there-

under by defendant's principals, officers, agents, rogue agents and/or employees

of the Internal Revenue Service and the Department of Justice, in connection with

the collection of Federal tax have caused Plaintiff substantial personal

embarrassment, loss of income, loss of goodwill, resulting in actual damages, the

extent of which at this time cannot be completely and accurately ascertained, but

which will be more fully known after the completion of discovery.

28.     Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated thereunder by defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service and the Department of Justice, in connection with the collection of Federal tax entitles Plaintiff to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be known more fully after the completion of discovery.

29.     Plaintiff(s) have exhausted all administrative remedies before bringing this suit by disputing the tax claims made by the defendant and properly petitioning, for all years in question, the Commissioner of the Internal Revenue Service for lawful summary records of assessment and the Secretary of the Treasury for refunds. Plaintiff(s) received no timely response from either the Commissioner of the Internal Revenue Service or the Secretary of the Treasury.

30.     Plaintiff(s) is/are entitled to injunctive relief beyond reach of 26 U.S.C. §7421, pursuant to LAING v. UNITED STATES, 423 U.S. 161 (1976); ENOCHS v. WILLIAMS PACKING CO., 370 U.S. 1 (1962);

As stated in Enochs, 370 U.S. 1, 8:

> "[I]n general, the Act prohibits suits for injunctions barring the collection of federal taxes *when the collecting officers have made the assessment* and claim that it is valid. Snyder v. Marks, 109 U.S. 189, 194 ." (emphasis added)

Timothy W. Morrow v. United States.               page 13 of 17 pages               26 U.S.C. §7433 Complaint

As alleged herein, defendants failed to record any assessment. This failure renders

IRC §7421 inapplicable, as explained in Enochs, 370 U.S. 1, 7:

> The manifest purpose of 7421 (a) is to permit the United
> States to assess and collect taxes alleged to be due without
> judicial intervention, and to require that the legal right to the
> disputed sums be determined in a suit for refund. In this
> manner the United States is assured of prompt collection of its
> lawful revenue. 6 *Nevertheless, if it is clear that under no*
> *circumstances could the Government ultimately prevail, the*
> *central purpose of the Act is inapplicable and, under the Nut*
> *Margarine case, the attempted collection may be enjoined if*
> *equity jurisdiction otherwise exists. In such a situation the*
> *exaction is merely in "the guise of a tax." Id.,* at 509. (emphasis
> added)

Section 7421 a's inapplicability in the instant case is also supported by LAING, 423

U.S. 161, 162:

> "[B]ecause [IRS] failed to comply with these requirements, the
> taxpayers' suits were not barred by the Anti-Injunction Act. Pp.
> 169-185."

The United States has no possibility of rebutting the claims of plaintiff(s) and

Plaintiff(s) has/have already suffered extreme hardship.

### REMEDY SOUGHT

31.     Determination that the defendant's principals, officers, agents, rogue agents and/or

employees of the Internal Revenue Service in connection with the collection of

Federal tax from the plaintiff(s), recklessly, intentionally or by reason of negligence,

disregarded any provision of Title 26 United States Code and/or any regulation

promulgated under Title 26 United States Code.

32.    Determination of the amount of damages plaintiff(s) is/are entitled to amend the reprehensible, egregious, and vexatious behavior of the defendant.

33    Refund of all unassessed taxes, return of all seized property, return of all levied funds and an order requiring defendant's principals, officers, agents, rogue agents and/or employees to cease disregarding any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

34.    The cause of justice and the rule of law justly require this court's Order enjoining the Internal Revenue Service, its officers, employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in any further collection activity whether civil or criminal until all claims are fully resolved, and the return of all sums wrongfully collected.

35.    Further relief as the court determines is justified.

Dated: ~~August~~ _Sept._ 7, 2005

_Timothy W. Morrow_
Timothy W. Morrow

# **A F F I D A V I T**

Affiant , Timothy W. Morrow, is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1.    It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.    Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.    Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.    Affiant is not in possession of any document which identifies the authority for the IRS to substitute a RACS 006 or a Form 4340 (Certificate of Assessments and Payments) for a Form 23-C (Summary Record of Assessment).

10.    To the best of affiant's knowledge, affiant has timely attempted to respond to every single solitary presentment made to affiant by the IRS.

**05 1960**

**FILED**

OCT − 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

11.   Affiant has repeatedly asked for the IRS to comply with its own administrative procedures.

12.   Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Affiant has repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer.

13.   Affiant has requested copies of lawful summary records of assessments (Forms 23-C) from the Commissioner of the IRS. Affiant received no response.

14.   Pursuant to lawful procedure, affiant has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from affiant. Affiant received no response.

15.   Affiant has exhausted all administrative remedies, attempted to mitigate damages and has commenced this action within two (2) years after the date on which the right of this action accrued.

16.   Affiant believes there is no possible way that the United States can rebut any of the claims made in this pleading.

Dated: ~~August~~ Sept. _7_, 2005

*Timothy W. Morrow*

Timothy W. Morrow

Acknowledgment

STATE OF MONTANA            )
                            : ss
COUNTY OF LEWIS AND CLARK   )

On the above inscribed date before the undersigned, a Notary Public for the State of Montana, personally appeared, Timothy W. Morrow, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

*Cindy Murphy*
Notary, State of Montana  Residing in Helena
My Commission Expires 2/6/2006

Timothy W. Morrow v. United States.          page 17 of 17 pages          26 U.S.C. §7433 Complaint