UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 8 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TIMOTHY MORROW,            )
                           )
         Plaintiff,        )
                           )
     v.                    )   No. 1:05-1960 (RJL)
                           )
UNITED STATES,             )
                           )
         Defendant.        )

## MEMORANDUM OPINION
(January 6, 2007) [#7]

Timothy Morrow, *pro se*, has sued the United States pursuant to the Taxpayers Bill of Rights, 26 U.S.C. § 7433, alleging misconduct by the Internal Revenue Service ("IRS"). Mr. Morrow seeks damages, a refund of all "unassessed taxes," and an order enjoining the IRS from future collection activity. Complaint, ¶¶ 32-34. Currently before the Court is the Defendant's motion to dismiss for, *inter alia*, lack of subject matter jurisdiction. For the reasons set forth below, defendant's motion will be GRANTED.

### Analysis

The Taxpayer Bill of Rights, 26 U.S.C. § 7433, provides a cause of action, and a waiver of sovereign immunity, for alleged misconduct by the IRS. Although § 7433 allows for the award of damages, a taxpayer may not bring suit in federal court until all available administrative remedies have been exhausted. 26 U.S.C. § 7433(d)(1).

Under IRS regulations, a taxpayer alleging misconduct must file an administrative claim prior to filing suit. 26 C.F.R. § 301.7433-1. Specifically, the taxpayer must submit his



claim, in writing, "to the Area Director...of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1). The claim must include, *inter alia,* the grounds for the claim, a description of the injuries, and the dollar amount of damages sought. 26 C.F.R. § 301.7433-1(e)(2)(ii-iv). A taxpayer may not file suit until the IRS has issued a decision or failed to act on the claim within six months of the date of filing. 26 C.F.R. § 301.7433-1(d).

Although Mr. Morrow has generally alleged that he exhausted all administrative remedies, he has failed to provide any description of how he satisfied the precise requirements of the administrative claim process. Thus, as there is no indication that Mr. Morrow actually exhausted the administrative remedies available to him, he cannot sue for damages under § 7433.

Mr. Morrow's has also sought a "refund of all unassessed taxes, return of all seized property, [and the] return of all levied funds", Complaint, ¶ 33. A refund action cannot be maintained, however, unless the taxpayer has already paid the taxes assessed and filed a claim for a refund. 26 U.S.C. § 7422(a); *Flora v. United States*, 362 U.S. 145 (1960). As Mr. Morrow has failed to allege that he paid the taxes assessed by the IRS, his claim for a refund cannot be maintained in this Court.

Mr. Morrow's final remedy seeks to enjoin the IRS "from engaging in further collection activities." Complaint, ¶ 34. The Anti-Injunction Act, 26 U.S.C. § 7241, however, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7241(a).

Although Mr. Morrow has generally asserted that the Anti-Injunction Act does not apply, he clearly seeks to restrain the IRS from future tax collection. Accordingly, the Court finds that § 7241 bars his claim.[1]

## Conclusion

For the reasons noted above, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim. Accordingly, the Defendant's motion to dismiss will be granted.

RICHARD J. LEON
United States District Judge

---

[1] The Court notes that the Supreme Court has held that the Anti-Injunction Act will not apply where the Government cannot hope to prevail and where equity jurisdiction otherwise exists. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962). There is no indication, however, that either factor applies to the case at hand.